IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| STEVEN ROSE, as personal representative of the Estate of Richard Rose, | Case No. 2:24-cv-00912 |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| ALEJANDRO PINA; HEATHER CHRISTIAN; CHRISTINA IRVING; STEPHEN TROTT; KIERON CARLSON; HAILEY COLEMAN; CHRISTINA CAMPOS-HERNANDEZ; and SHUREE JEMMETT, | |
| Defendants. | |

HALLMAN, United States Magistrate Judge:

Plaintiff Steven Rose, as personal representative of the Estate of Richard Rose, ("Plaintiff") brings this action against eight individually-named Defendants ("Defendants"), alleging constitutional violations pursuant to 42 U.S.C. § 1983 ("Section 1983"). Defendants now move to dismiss for failure to state a claim for relief on the grounds that this action was filed outside the applicable statute of limitations. ECF 9. Because it is clear from the face of the complaint that Plaintiff's claims accrued more than two years prior to the filing of this action,

Page 1 – FINDINGS AND RECOMMENDATION

this action is time barred. Defendant's Motion to Dismiss should therefore be GRANTED and Plaintiff's complaint should be dismissed WITH PREJUDICE.

## BACKGROUND

The Court recites the following facts from Plaintiff's complaint and assumes that they are true for the purposes of reviewing the pending Fed. R. Civ. P. 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In addition, this Court will take judicial notice of court records from the related matter, *Rose v. State of Oregon*, 2:22-cv-00923-HL, which both parties cite to in their filings.

On August 20, 2024, Richard Rose ("Rose") was an inmate of the Oregon Department of Corrections, housed at the Two Rivers Correctional Institution. Compl. ¶¶ 14–15, ECF 1. At approximately 9:00 p.m., he suffered a medical emergency that required multiple staff to respond. *Id.* at ¶¶ 16–26. Rose was transported to the hospital, where he died. *Id.* at ¶ 26.

On June 28, 2022, Plaintiff filed a complaint in *Rose v. State of Oregon*, Case No. 2:22-cv-00923-HL, raising claims for negligence under Oregon state law and Section 1983 claims against two individually-named defendants. Compl., ECF 1 (22-923).

On February 23, 2024, Plaintiff filed an amended complaint that added additional Section 1983 claims against the eight individuals who are now Defendants in this action. First Am. Compl. ¶¶ 8–15, ECF 34 (22-923). But Plaintiff did not serve the new defendants within 90 days of naming them in the amended complaint. *See* ECF 55 (22-923). After concluding that Plaintiff failed to establish good cause for failing to serve the unserved defendants, the Court dismissed the unserved defendants pursuant to Fed. R. Civ. P. 4(m). ECF 60 (22-923).[1]

---

[1] Plaintiff proceeded to trial on the remaining claims, and judgement was entered for Defendants. ECF 95 (22-923). Plaintiff appealed the judgment, which is pending. ECF 96 (22-923).

Page 2 – FINDINGS AND RECOMMENDATION

On June 7, 2024, shortly after the court dismissed the unserved defendants, Plaintiff filed this action. *See* Compl. Plaintiff's complaint restates the Section 1983 claims against the eight unserved Defendants who were dismissed from the prior action. *Id*.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). A statute of limitations defense may be raised in a motion to dismiss if the running of the statute is "apparent from the face of the complaint." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks omitted); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal quotation marks omitted) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.").

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint on the grounds that the Section 1983 claims are untimely. Mot. Dismiss 2.

When evaluating the applicable statute of limitations for claims arising under Section 1983, courts are subject to the forum state's statute of limitations applicable to personal injury claims. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (citing *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam)). Oregon's two-year statute of limitations for personal injury actions in Oregon Revised Statute § ("ORS") 12.110

applies to claims brought under Section 1983. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002).[2] "Although 'state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.'" *Bonelli*, 28 F.4th at 952 (quoting *Bird*, 935 F.3d at 743). "Under federal law, the 'discovery rule' typically governs the accrual of [Section] 1983 claims so that 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Bird*, 935 F.3d at 743 (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

Plaintiff does not dispute that this action was filed more than two years after the events leading to Rose's death. He instead argues that "[t]he identities of [the eight Defendants] were not known to the Plaintiff until November 15, 2022, when discovery responses in a separate lawsuit revealed them." Resp. 2. Accordingly, he asserts that "the statute of limitations does not bar the claims because the cause of action did not accrue until the Plaintiff became aware of the identities of the alleged tortfeasors, as governed by the discovery rule." *Id*. at 1.

Even if this Court assumes the truth of Plaintiff's factual assertions, as it must on this motion to dismiss, his claims are untimely. Plaintiff's lack of knowledge as to the involvement of individual actors is "irrelevant" to the determination of when a cause of action accrues. *Dyniewicz v. United States*, 742 F.2d 484, 486–87 (9th Cir. 1984); *see also Roe v. City of Portland*, No. 3:22-CV-01193-SB, 2024 WL 3888705, at *3 (D. Or. Aug. 19, 2024) ("[A] plaintiff need not know the identity of the source of the injury to trigger the statute of limitations.") (citing *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986)); *Clavette v.*

---

[2] Defendants incorrectly assert that Oregon's three-year statute of limitations for wrongful death actions applies. Mot. to Dismiss 2–3 (citing ORS 30.020); Reply in Supp. 3, ECF 18. Plaintiff correctly identifies the two-year statute of limitations under ORS 12.110 as the applicable limitations period. Resp. 2, ECF 16.

Page 4 – FINDINGS AND RECOMMENDATION

*Sweeney*, 132 F. Supp. 2d 864, 875 (D. Or. 2001) ("[A] cause of action accrues when the plaintiff knows of the injury and its physical cause even if the plaintiff does not know who inflicted the harm.").

Here, the issue is whether Plaintiff knew of the injury that formed the basis of this action more than two years prior to filing his complaint. *See Bird*, 935 F.3d at 743. The date when Plaintiff learned of the specific identities of the individual actors involved in Rose's death is not relevant for determining when his claims accrued. Instead, because Plaintiff knew of the events giving rise to Rose's death more than two years prior to filing his complaint against the eight defendants in this action, his claims are untimely. Because the untimeliness of Plaintiff's claims is clear from the face of the complaint, and because no amendment could cure that defect, it is appropriate to dismiss Plaintiff's claims with prejudice.

## RECOMMENDATION

Defendant's Motion to Dismiss, ECF 9, should be GRANTED, and Plaintiff's complaint should be dismissed WITH PREJUDICE.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.

These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgement.

DATED this 3rd Day of February, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge

Page 6 – FINDINGS AND RECOMMENDATION